**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **COURTNEY PAYTON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-5859** |
| | * | |
| **TJX COMPANIES, INC. ET AL.** | * | **SECTION "L" (3)** |

## <u>ORDER</u>

Before the Court is a Motion in Limine filed by Defendants (Rec. Doc. No. 37). Through this motion, Defendants seek to exclude evidence of alleged spoliation at trial and to preclude a jury instruction on spoliation of evidence.

First, it should be noted that the question of whether there should be a jury instruction on spoliation of evidence is largely premature at this point because a court may instruct a jury on an issue only if there is evidence adduced at trial to require a relevant instruction. *See, e.g.*, *Ware v. Reed*, 709 F.2d 345, 352 (5th Cir. 1983). As the trial has yet to take place, the Court cannot provide a ruling as to whether a spoliation instruction would be warranted. Thus, the only question that is at present properly before the Court is whether, under the Federal Rules of Evidence, references to Defendant TJ Maxx's alleged failure to preserve surveillance video should be excluded. In their motion, Defendants have not identified any basis under the Federal Rules of Evidence for the exclusion that they seek. Although evidence of lost documentation or recordings, like any other evidence, may in certain circumstances be excluded under Rule 403, *see Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999), Defendants have not argued in their motion that exclusion under that rule or any other rule of evidence is required.

Moreover, the Fifth Circuit has observed that "[a] district court has discretion to admit

1

evidence of spoliation . . . ." *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000); *accord Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 217 (1st Cir. 1982) (Breyer, J.) ("When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence . . . ."). This statement recognizes that where, as here, there are questions as to the basic facts that may give rise to the spoliation inference, the task of finding those basic facts is that of the jury, and not that of the judge. *See* Jamie S. Gorelick et al., *Destruction of Evidence* § 2.22 (1989) ("The spoliation inference constitutes a question of fact, and hence, if the facts are contested, the issue should go the jury."); *see also* 1 Christopher Mueller & Laird Kirkpatrick, *Federal Evidence* § 3.9 (3d ed.); 21B Charles Alan Wright & Kenneth Graham, Jr., *Federal Practice and Procedure* § 5125.1 (2d ed.). A categorical pretrial ruling excluding evidence of the alleged spoliation is therefore not warranted at this time.

 For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine (Rec. Doc. No. 37) is hereby **DENIED**.

 New Orleans, Louisiana, this 10th day of February, 2011.

_____

UNITED STATES DISTRICT JUDGE